Filed    26-CI-000971    02/03/2026    David L. Nicholson, Jefferson Circuit Clerk

**DOCUMENT**

**AM**

NOT ORIGINAL
DOCUMENT
03/02/2026 10:12:30
91561

CASE NO.

JEFFERSON CIRCUIT COURT

DIVISION NO

JUDGE

ROY DUNCAN                                                                                    PLAINTIFF

vs.                                                **COMPLAINT**

DELTA AIR LINES, INC.
Serve at:
Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

and

UNKNOWN MAINTENANCE SUPERVISOR

and

UNKNOWN MAINTENANCE EMPLOYEE                                      DEFENDANTS

** ** ** ** ** ** ** ** ** **

Comes now the Plaintiff, Roy Duncan, by and through counsel, and for his complaint against the Defendants Delta Air Lines, Inc. ("*Delta*"), Unknown Maintenance Supervisor ("*Unknown Supervisor*" and Unknown Maintenance Employee ("*Unknown Employee*"), states as follows:

**PARTIES JURISDICTION AND VENUE**

1.    That the Plaintiff, Roy Duncan, is resident of the Commonwealth of Virginia.

2.    That the Defendant, Delta, is a Foreign Corporation, with a principal office located at 1030 Delta Blvd. Atlanta, Georgia 30354.

3.    That upon information and belief, the Unknown Supervisor is a resident of the Commonwealth of Kentucky.

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000001 of 000006

**EXHIBIT**

**1**

Filed          26-CI-000971    02/03/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/02/2026 10:12:30
AM
91561

4.     That upon information and belief, the Unknown Employee is a resident of the Commonwealth of Kentucky.

5.     Venue is proper, this action arises out of a Delta flight emergency landing that took place in the Commonwealth of Kentucky on or about February 16, 2025, where the Plaintiff became injured in Jefferson County, Kentucky.

6.     The damages claimed herein exceed the jurisdictional minimums of this Court.

### COUNT I

7.     The Plaintiff incorporates by reference paragraphs 1 – 6, all inclusive, of Parties, Jurisdiction, and Venue herein.

8.     That Under Kentucky law, an airline operating as a common carrier owes its passengers the highest degree of care, meaning the utmost care exercised by prudent and skillful persons in the operation and maintenance of the conveyance, to protect passengers from dangers that foresight can anticipate, consistent with the practical operation of the aircraft.

9.     That Delta breached its duty of care by failing to exercise the highest degree of care in the inspection, maintenance, and operation of the aircraft thereby permitting smoke and fumes to enter the passenger cabin, necessitating an emergency landing.

10.     That the presence of smoke and fumes in the passenger cabin originating from the aircraft's environmental control system is an occurrence that does not ordinarily happen in the absence of negligence

11.     The aircraft and its systems were at all relevant times within Delta's exclusive control.

12.     Plaintiff did not contribute to the occurrence.

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000002 of 000006

Filed          26-CI-000971    02/03/2026          David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

03/02/2026 10:12:30

91561

13.    Delta's negligence was a substantial factor in causing the smoke/fumes event and the ensuing emergency landing.

14.    Under Kentucky common-carrier principles, it was foreseeable that exposing passengers to smoke and fumes in the cabin and an emergency landing would cause severe emotional and psychological injury.

15.    That a common carrier must protect passengers from dangers that foresight can anticipate.

16.    As a direct and proximate result of Defendant Delta's negligence, the Plaintiff became severely emotionally and psychologically injured and suffered damages of a type within the foreseeable scope of risk created by Delta's conduct.

**WHEREFORE**, the Plaintiff, Roy Duncan, demands as follows:

1.    For Judgment to be entered in his favor and against Defendant Delta Air Lines, Inc.;

2.    For damages in amount to be proven at trial;

3.    For court costs including reasonable attorney's fees;

4.    For pre and post judgement interest at the maximum rate allowable under law;

5.    For a trial by jury on all issues so triable; and

6.    For any and all other relief which is just and proper in the premises.

## COUNT II

Comes now the Plaintiff, by counsel, and for Count II of his complaint states as follows:

17.    Plaintiff incorporates by reference paragraphs 7 – 16, all inclusive, of Count I, herein.

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000003 of 000006

Filed        26-CI-000971    02/03/2026        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/02/2026 10:12:30
AM
91561

18.    Upon information and belief, at all relevant times, Defendant Unknown Employee was employed by, or acting as an agent of, Delta Air Lines, Inc., and was responsible for the inspection, maintenance, repair, servicing, and certification of airworthiness of the aircraft and its systems.

19.    Upon information and belief, Defendant Unknown Employee owed Plaintiff a duty to exercise reasonable care consistent with the highest degree of care required in common-carrier operations.

20.    Upon information and belief, Unknown Employee breached their duty of care by negligently inspecting, maintaining, repairing, servicing, or certifying the aircraft.

21.    Upon information and belief, the negligence of Unknown Employee was a substantial factor in causing the smoke/fumes event and the resulting emergency landing.

22.    As a direct and proximate result of Defendant Unknown Employee's negligence, the Plaintiff became severely emotionally and psychologically injured and suffered damages of a type within the foreseeable scope of risk created by the Unknown Employee's conduct.

23.    That the Defendant Delta is legally vicariously liable for the negligent acts and omissions of its employees by virtue of the doctrine of *Respondeat Superior*.

**WHEREFORE**, the Plaintiff, Roy Duncan, demands as follows:

1.    For Judgment to be entered in his favor and against Defendant Unknown Employee and Defendant Delta Air Lines Inc.;

2.    For damages in amount to be proven at trial;

3.    For court costs including reasonable attorney's fees;

4.    For pre and post judgement interest at the maximum rate allowable under law;

5.    For a trial by jury on all issues so triable;

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000004 of 000006

Filed          26-CI-000971    02/03/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/02/2026 10:12:30
AM
91561

6.    For any and all other relief which is just and proper in the premises.

## COUNT III

Comes now the Plaintiff, by counsel, and for Count III of his complaint states as follows:

24.    Plaintiff incorporates by reference paragraphs 17 – 23, all inclusive, of Count II, herein.

25.    Upon information and belief, at all relevant times, Defendant Unknown Supervisor was employed by, or acting as an agent of, Delta Air Lines, Inc., and was responsible for supervising, directing, approving, and overseeing aircraft maintenance personnel and maintenance practices affecting the aircraft at issue.

26.    Upon information and belief, Defendant Unknown Supervisor owed Plaintiff a duty to exercise reasonable care consistent with the highest degree of care required in common-carrier operations.

27.    Upon information and belief, Unknown Supervisor breached their duty of care by negligently by negligently supervising and overseeing maintenance activities related to the aircraft.

28.    Upon information and belief, the negligence of Unknown Supervisor was a substantial factor in causing the smoke/fumes event and the resulting emergency landing.

29.    As a direct and proximate result of Defendant Unknown Supervisor's negligence, the Plaintiff became severely emotionally and psychologically injured and suffered damages of a type within the foreseeable scope of risk created by the Unknown Supervisor's conduct.

30.    That the Defendant Delta is legally vicariously liable for the negligent acts and omissions of its employees by virtue of the doctrine of *Respondeat Superior*.

**WHEREFORE**, the Plaintiff, Roy Duncan, demands as follows:

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000005 of 000006

Filed        26-CI-000971      02/03/2026            David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL
DOCUMENT
03/02/2026 10:12:30
AM
91561

1.    For Judgment to be entered in his favor and against Defendant Unknown Supervisor and Defendant Delta Air Lines Inc.;

2.    For damages in amount to be proven at trial;

3.    For court costs including reasonable attorney's fees;

4.    For pre and post judgement interest at the maximum rate allowable under law;

5.    For a trial by jury on all issues so triable;

6.    For any and all other relief which is just and proper in the premises.


Respectfully submitted,

**KARL TRUMAN LAW OFFICE, LLC**

*/S/  Travis Turner*_____
Travis Turner #100099
420 Wall Street
Jeffersonville, IN 47130
812-282-8500
Travisturner@trumanlaw.com
efile@trumanlaw.com

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000006 of 000006

Filed        26-CI-000971      02/03/2026            David L. Nicholson, Jefferson Circuit Clerk

AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
03/17/2026 04:03:35 PM
LINDSAY.GRAY@WILSONELSER.C

Case #: **26-CI-000971**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

---

*Plaintiff,* **DUNCAN, ROY VS. DELTA AIR LINES INC.**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**315 HIGH STREET**
**FRANKFORT, KY 40601**

Memo: Related party is DELTA AIR LINES INC.

The Commonwealth of Kentucky to Defendant:
**DELTA AIR LINES INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **2/3/2026**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

_____
Served By

_____
Title

Summons ID: @00001134862
CIRCUIT: 26-CI-000971 Certified Mail
DUNCAN, ROY VS. DELTA AIR LINES INC.



Page 1 of 1

eFiled

*Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)*

*CI : 000001 of 000001*

**UNITED STATES**
**POSTAL SERVICE**™

NOT ORIGINAL DOCUMENT
03/17/2026 04:03:57 PM
LINDSAY.GRAY@WILSONELSER.C

Date Produced: 03/02/2026

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8355 2238 93. Our records indicate that this item was delivered on 02/27/2026 at 09:04 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

COR : 000001 of 000002

Customer Reference Number:          C6549521.40077742

Filed          26-CI-000971    03/02/2026          David L. Nicholson, Jefferson Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  42040601923609019403835223893

MAILING DATE:          02/04/2026

DELIVERED DATE:    02/27/2026

Custom 1: DriverId-12753282

Custom 2: PartyId-82253452

Custom 3: SummonsNum-@00001134862

Custom 4: CentralMailId-282386

Custom 5: Source County-JEFFERSON Circuit

NOT ORIGINAL DOCUMENT
03/17/2026 04:03:57 PM
LINDSAY.GRAY@WILSONELSER.C

MAIL PIECE DELIVERY INFORMATION:

CORPORATION SERVICE COMPANY
315 HIGH STREET
FRANKFORT KY 40601

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 02/04/2026 12:18 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 02/04/2026 16:56 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 02/13/2026 07:47 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 02/13/2026 09:02 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 02/14/2026 00:45 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 02/26/2026 10:07 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 02/26/2026 10:20 | AVAILABLE FOR PICKUP | FRANKFORT,KY 40601 |
| 02/27/2026 09:04 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 |

COR : 000002 of 000002

CASE NO.  26-CI-000971

JEFFERSON CIRCUIT COURT
DIVISION EIGHT (8)
HONORABLE JENNIFER BRYANT WILCOX

ROY DUNCAN                                                                 PLAINTIFF

v.

DELTA AIR LINES, INC.
AND
UNKNOWN MINTENANCE SUPERVISOR
AND
UNKNOWN MAINTENANCE EMPLOYEE                          DEFENDANTS

## DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO COMPLAINT

Defendant, Delta Air Lines, Inc. ("Delta"), by counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1.      Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies them.

2.      Delta admits the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph.

4.      The allegations contained in Paragraph 4 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph.

1

Filed                26-CI-000971        03/16/2026                    David L. Nicholson, Jefferson Circuit Clerk

5.       The allegations contained in Paragraph 5 of the Complaint are improperly pled conclusions of law to which no response is required. To the extent a response is required, the appropriate venue is federal court.

6.       The allegations contained in Paragraph 6 of the Complaint are improperly pled conclusions of law to which no response is required. To the extent a response is required, the appropriate venue is federal court.

7.       With respect to Paragraph 7 of the Complaint, Delta restates all of its prior responses.

8.       The allegations contained in Paragraph 8 of the Complaint are improperly pled conclusions of law to which no response is required. To the extent a response is required, Delta denies that it breached any duty of care to Plaintiff.

9.       Delta denies the allegations contained in Paragraph 9 of the Complaint.

10.      Delta denies the allegations contained in Paragraph 10 of the Complaint.

11.      Delta does not know what is meant by the allegations contained in Paragraph 11 of the Complaint regarding "its systems" and "at all relevant times" and "exclusive control" and, therefore, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph.

12.      Regarding the allegations contained in Paragraph 12 of the Complaint, Delta does not know what is meant by "occurrence" and, therefore, lacks knowledge or information sufficient to form a belief as to the truth of said allegations and denies them.

13.      Delta denies the allegations contained in Paragraph 13 of the Complaint.

2

9BF7DA88-EFDB-4B03-B472-02F5175E52A0 : 000002 of 000007

ANS : 000002 of 000007

Filed    26-CI-000971    03/16/2026    David L. Nicholson, Jefferson Circuit Clerk

14. The allegations contained in Paragraph 14 of the Complaint are improperly pled conclusions of law to which no response is required. To the extent a response is required, Delta denies them.

15. The allegations contained in Paragraph 15 of the Complaint are improperly pled conclusions of law to which no response is required.

16. Delta denies the allegations contained in Paragraph 16 of the Complaint regarding its alleged negligence. Delta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph. To the extent a response is required, Delta denies it acted negligently.

17. With respect to Paragraph 17 of the Complaint, Delta restates all of its prior responses.

18. The allegations contained in Paragraph 18 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, said allegations are improperly pled conclusions of law to which no response is required.

19. The allegations contained in Paragraph 19 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, said allegations are improperly pled conclusions of law to which no response is required.

20. The allegations contained in Paragraph 20 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, said allegations are improperly pled conclusions of law to which no response is required.

21. The allegations contained in Paragraph 21 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, Delta

9BF7DA88-EFDB-4B03-B472-02F5175E52A0 : 000003 of 000007

ANS : 000003 of 000007

3

Filed          26-CI-000971          03/16/2026          David L. Nicholson, Jefferson Circuit Clerk

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

22.     The allegations contained in Paragraph 22 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, Delta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

23.     The allegations contained in Paragraph 23 of the Complaint are improperly pled conclusions of law to which no response is required.

24.     With respect to Paragraph 24 of the Complaint, Delta restates all of its prior responses.

25.     The allegations contained in Paragraph 25 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, said allegations are improperly pled conclusions of law to which no response is required.

26.     The allegations contained in Paragraph 26 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, said allegations are improperly pled conclusions of law to which no response is required.

27.     The allegations contained in Paragraph 27 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, said allegations are improperly pled conclusions of law to which no response is required.

28.     The allegations contained in Paragraph 28 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, Delta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

4

Filed          26-CI-000971          03/16/2026          David L. Nicholson, Jefferson Circuit Clerk

29.    The allegations contained in Paragraph 29 of the Complaint are not directed at Delta and, therefore, no response is required or permitted. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

30.    The allegations contained in Paragraph 30 of the Complaint are improperly pled conclusions of law to which no response is required.

31.    Any and all allegations not specifically admitted are denied.

32.    The remainder of Plaintiffs' Complaint constitutes a prayer for relief to which no response is required. However, to the extent a response is required, Delta denies that Plaintiff is entitled to the relief requested.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

No acts or omissions of Delta were the proximate cause of the injuries or damages alleged in Plaintiff's Complaint.

## THIRD DEFENSE

All or part of Plaintiff's injuries were caused or contributed to by his own actions and/or inactions, and as such, any recovery in this case should be precluded and/or diminished by the extent of his own wrongdoing.

## FOURTH DEFENSE

The injury in question and the Plaintiff's alleged damages were solely or proximately caused by circumstances and/or events over which Delta had no control and for which Delta had no responsibility.

5

Filed                26-CI-000971        03/16/2026            David L. Nicholson, Jefferson Circuit Clerk

9BF7DA88-EFDB-4B03-B472-02F5175E52A0 : 000006 of 000007

ANS : 000006 of 000007

## FIFTH DEFENSE

The negligence or fault of persons other than Delta, for whose acts or omissions Delta is not liable or responsible, was the sole, proximate, contributing, intervening, or superseding cause of Plaintiff's alleged damages and, accordingly, Delta is not liable to Plaintiff.

## SIXTH DEFENSE

Plaintiff failed to exercise reasonable care to mitigate his damages. To the extent Plaintiff's injuries or damages were aggravated or increased by Plaintiff's own failure to seek timely and appropriate medical treatment, follow medical advice, or take other reasonable steps to minimize his losses, his recovery should be reduced accordingly.

## SEVENTH DEFENSE

Plaintiff may have failed to join an indispensable party to this action.

## EIGHTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

## NINTH DEFENSE

Delta exercised the highest degree of care for the safety of its passengers. Delta denies that it was negligent in any manner and states that any injuries or damages alleged by Plaintiff were not the result of any act, omission, or failure on the part of Delta.

## TENTH DEFENSE

Delta hereby reserves the right to raise additional affirmative defenses and to assert counterclaims and third party claims in the future.

WHEREFORE, for the foregoing reasons, Delta Air Lines, Inc., by counsel, respectfully requests the following relief:

1.      Dismissal of Plaintiff's Complaint, with prejudice;

6

2.    Its costs herein expended, including a reasonable attorney's fee;

3.    Trial by jury; and

4.    Any and all other relief to which Delta may reasonably appear to be entitled.

Respectfully submitted,

/s/ Lindsay M. Gray
Lindsay M. Gray
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Mallard Creek Road, Suite 250
Louisville, KY  40207
Phone: (502) 238-8500
Fax: (502) 238-7844
Email: lindsay.gray@wilsonelser.com
*Counsel for Defendant Delta Air Lines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2026, I electronically filed the foregoing with the Clerk of the Court by using the KCOJ electronic filing system, which will send a notice of electronic filing to the following:

Travis Turner
Karl Truman Law Office, LLC
420 Wall Street
Jeffersonville, IN 47130
travisturner@trumanlaw.com
efile@trumanlaw.com
*Counsel for Plaintiff*

/s/ Lindsay M. Gray

7

9BF7DA88-EFDB-4B03-B472-02F5175E52A0 : 000007 of 000007

ANS : 000007 of 000007