UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROY DUNCAN                                                                          Plaintiff

v.                                                              Civil Action No. 3:26-cv-193-RGJ

DELTA AIR LINES, INC.,                                                          Defendants
AND
UNKNOWN MAINTNANCE
SUPERVISOR,
AND
UNKNOWN MAINTENANCE
EMPLOYEE

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiff Roy Duncan ("Duncan") moves to remand this action. [DE 5]. Defendant Delta

Airlines, Inc. ("Delta") responded [DE 8]. This matter is ripe. For the reasons below, Duncan's

Motion to Remand [DE 5] is **DENIED**.

### I.        BACKGROUND

This matter arises out of a Delta flight that took place in the Commonwealth of Kentucky

on or about February 16, 2025. [DE 1 at 7]. Duncan alleges that Delta's negligence caused "smoke

and fumes to enter the passenger cabin" and necessitated an emergency landing of the Delta aircraft

on which Duncan was a passenger, resulting in emotional and psychological damages. [*Id.* at 7–

11].

On February 3, 2026, Duncan brought this action in Jefferson Circuit Court against Delta,

as well as the Unknown Maintenance Supervisor, and the Unknown Maintenance Employee

(hereinafter the "Unknown Defendants"). [*Id.*]. Relevant here, "upon information and belief,"

Duncan alleges that the Unknown Defendants were residents of Kentucky. [*Id.* at 6–7].

1

Delta removed the action to this Court on March 18, 2026. [*Id.*]. Duncan now moves to remand based on the citizenship of the Unknown Defendants. [DE 5].

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 913 (6th Cir.2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). The burden of establishing the Court's jurisdiction rests with the party seeking to invoke it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under the forum defendant rule, a diversity case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). However, when determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Here, the parties agree that removal was proper unless the forum defendant rule applies. The only issue is whether, for the purposes of Duncan's Motion, the Court should consider the alleged citizenship of the Unknown Defendants. Delta argues that the citizenship of the two "fictitious" Defendants must be disregarded pursuant to 28 U.S.C. § 1441(b)(1). [*See generally* DE 8]. Duncan maintains that Section 1441(b)(1) was not intended to apply when, as here, the

citizenship of the Unknown Defendants "is not unknown because Plaintiff invented them . . . [but] because Delta refuses to disclose who its employees are." [DE 5 at 29].

Duncan's arguments are inapplicable to the case before the Court. First, it is immaterial that Duncan identifies the Unknown Defendants by their positions rather than as John or Jane Does. Section 1441(b) "treats references to unknown defendants like a fictitious name. Thus, the analysis is the same whether a defendant is listed as 'Unknown Agent' or something as arbitrary as 'John Doe.'" *Gill v. Fam. Dollar Stores of Kentucky, LP*, No. 3:20-CV-648, 2021 WL 1294780, at *3 (W.D. Ky. Apr. 7, 2021) (quoting *Allen v. Frasure Creek Mining Co.*, No. CV 12-110, 2012 WL 12924816, at *2 (E.D. Ky. Sept. 19, 2012)). Second, while Courts routinely hold that 28 U.S.C. § 1441(b)(1) "d[oes] not apply when the complaint provide[s] a description of a fictitious defendant in such a way that his identity could not be reasonably questioned," *Musial v. PTC Alliance*, No. 5:08CV–45R, 2008 WL 2559300, at *3 (W.D. Ky. June 25, 2008), the allegations in the Complaint fall short of the standard of specificity contemplated by *Musial* and other courts in this Circuit. *See also Gill v. Fam. Dollar Stores of Kentucky, LP,* No. 3:20-CV-648-RGJ, 2021 WL 1294780, at *3 (W.D. Ky. Apr. 7, 2021) (this Court granted motion to remand where "Plaintiffs' Complaint describes the fictious defendants so that their identity could not be reasonably questioned" and defendants' citizenship destroyed diversity jurisdiction).

*Musial* involved an action filed after a professional truck driver was killed when a pipe he was transporting in a flatbed trailer shifted and pierced into the truck cab. *See Musial*, 2008 WL 2559300, at *1. The plaintiffs claimed that the driver's death was caused by the improper loading of the pipe as well as the failure of the trailer's front end structure device. *Id.* The plaintiffs originally filed suit in state court against named and "unknown" defendants. *Id.* The court held

that 28 U.S.C. § 1441(b)(1) did not apply where the plaintiff's complaint described "John Doe" as the specific employee "who loaded the pipe into [the decedent's] trailer." *Id.* at *4.

Here, in contrast, the Complaint merely states that "Unknown Employee" was "responsible for the inspection, maintenance, repair, servicing, and certification of airworthiness of the aircraft" and "Unknown Supervisor" was "responsible for supervising, directing, approving, and overseeing the maintenance personnel and practices affecting the same aircraft." [DE 5 at 27]. Duncan alleges that the Unknown Defendants breached their duty of care by failing to discharge these responsibilities. [DE 1 at 9–11]. Yet there are no direct references to the Unknown Defendants' specific acts of negligence, only reference to the responsibilities of their positions. Nor is there any indication that the fictitious designations in the Complaint refer to particular individuals. Unlike the defendant in *Musial*, Delta could not ascertain the citizenship of the Unknown Defendants at the commencement of the state action. Moreover, Duncan admits that the citizenship of the Unknown Defendants is unknown. [DE 5 at 29]. *But cf. Gill*, 2021 WL 1294780, at *3 (noting defendants "*actually knew* before removing this case that the Unknown Agents were Kentucky residents") (emphasis in original). As a result, the Court finds that the alleged citizenship of the Unknown Defendants is appropriately disregarded at this stage. *See Harrison v. Diamond Pharmacy Servs.*, No. 4:21CV-00063-JHM, 2022 WL 566787, at *2 (W.D. Ky. Feb. 24, 2022) (finding the complaint did not adequately identify the alleged John/Jane Does and denying motion to remand based on the citizenship of the fictitious parties).

Although Duncan argues that the appropriate remedy is to "is remand to allow discovery to identify Unknown Defendants, with removal rights preserved if diversity later established," [DE 5 at 32], there is no reason that such discovery cannot proceed in this forum. *See Cumbee v. Spirit Logistics Network, Inc.*, No. 3:23-CV-358-CHB, 2023 WL 8586696, at *3 (W.D. Ky. Dec. 11,

4

2023) ("[I]f Cumbee is able to learn the identity and citizenship of the unknown employee(s) and if any of those individuals are domiciled in Kentucky, a motion to remand would be proper."); *Gill*, 2021 WL 1294780, at *3 (collecting cases). *See also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Harrison*, 2022 WL 566787, at *2 ("[I]f the complaint is later amended to substitute real, non-diverse defendants for the John/Jane Doe Defendants, diversity jurisdiction will be destroyed, and the Court would remand to the Muhlenberg Circuit Court."). Should discovery reveal the Unknown Defendants are citizens of the forum, a motion to remand would be proper.

### III.    CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised**, IT IS ORDERED** that Duncan's Motion to Remand [DE 5] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

July 1, 2026